**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 04:14 PM April 8, 2022**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| CHRISTOPHER M. GAMBONE, | ) | CASE NO. 18-61065 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | **MEMORANDUM OF OPINION (NOT** |
| | ) | **INTENDED FOR PUBLICATION)** |

Now before the court is the Chapter 7 Trustee's ("Trustee") motion for turnover of property.

The court has subject matter jurisdiction over this case under 28 U.S.C. § 1334 and the general order of reference entered by The United States District Court for the Northern District of Ohio on April 4, 2012. Gen. Order 2012-7. The court has authority to enter final orders in this matter. Pursuant to 11 U.S.C. § 1409, venue in this court is proper. The following constitutes the court's findings of fact and conclusions of law under Bankruptcy Rule 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## FACTS

Debtor filed his chapter 13 petition on May 21, 2018. Before the plan was confirmed, there was a dispute about the value of certain assets. This dispute was settled with an agreed order entered contemporaneously with confirmation, which stated that general unsecured creditors would be paid 100% of their claims plus annual interest of 4.25%.

1

Debtor made some progress on his plan, but eventually converted the case to chapter 7 on February 10, 2021.

Trustee filed a Motion for Turnover on January 26, 2022. In her motion, she claimed that Debtor had to turn over $3,700.00 that was property of the estate so that she could pay unsecured creditors 100% of their claims plus 4.25% interest in accordance with the Agreed Order. While there were no objections, the court entered a notice of intent to deny the motion on February 28, 2022, because Trustee failed to provide a sufficient factual and legal basis for her request. Trustee then filed a response on March 16, 2022, alleging that she was still owed $3,700.00 pursuant to the Agreed Order, which included the petition-date value of assets that had been spent, sold or depreciated in value during the pendency of the chapter 13 case. Debtor filed a reply on March 30, 2022, arguing that the motion for turnover should be denied because Trustee's liquidation value analysis was unclear and that there were no remaining unexempt assets to liquidate.

## **DISCUSSION**

Trustee is not entitled to turnover of $3,700.00 for several reasons, but the court will focus on two: (1) the Agreed Order no longer applies after the case was converted from chapter 13 to chapter 7 and (2) the $3,700.00 Trustee requests to be turned over is not property of the estate.

When a chapter 13 case is converted to chapter 7, the debtor and creditors are no longer bound by the terms of the confirmed chapter 13 plan. *See* Friendly Fin. Serv. – Eastgate Inc. v. Dorsey (In re Dorsey), 505 F.3d 395, 399 (5th Cir. 2007) (citing In re Shaffer, 48 B.R. 952, 955-58 (Bankr. N.D. Ohio 1985)); Prisco v. IRS, No. 1:13-MC-0066 (LEK/CFH), 2013 U.S. Dist. LEXIS 161356, at *26, (N.D.N.Y. Nov. 13, 2013); Hutchinson v. Del. Sav. Bank FSB, 410 F. Supp. 2d 374, 380 (D.N.J. 2006); Michael v. DeHart (In re Michael), 436 B.R. 323, 329-30 (Bankr. M.D. Pa. 2010), aff'd sub nom., 446 B.R. 665 (M.D. Pa. 2011), aff'd sub nom., 699 F.3d 305 (3d Cir. 2012). Here, the Agreed Order modified the chapter 13 plan to provide for the payment of 100% of general unsecured creditors' claims plus 4.25% interest and the plan was confirmed with those provisions. (Agreed Order Settling Obj. Confirmation, ECF No. 29.) The court entered the Agreed Order as a plan modification contemporaneously with confirmation to avoid the expense and delay of filing and serving a modified plan. *See id.* Notice is unnecessary as long as creditors are receiving more than the previously served plan provided, which was the case here. *See, e.g.* In re Duncan, 245 B.R. 538 (Bankr. E.D. Tenn. 2000) (court did not extend deadline for creditor to object to a plan after the plan was modified because the modification did not change the creditor's treatment). *See also* 8 Collier on Bankruptcy ¶ 1323.02 (16th ed. 2022). The Agreed Order was part of the plan, not a guarantee. *See* 11 U.S.C. § 1323(b) ("[T]he plan as modified becomes the plan.") To hold otherwise would upend decades of practice predating the current judge.

Thus, because it formed a part of the chapter 13 plan, the Agreed Order no longer applies after conversion and general unsecured creditors are not necessarily entitled to have 100% of their claims paid with 4.25% interest. General unsecured creditors will instead be paid out of the remainder of the property of the estate after secured creditors' claims have been paid and in

2

accordance with § 726(a) of the Bankruptcy Code. *See* 11 U.S.C. §§ 725, 726(a).

Property of the estate in cases that have been converted to chapter 7 from chapter 13 includes "property of the estate, as of the date of filing of the petition, that remains in the possession of or is under the control of the debtor on the date of conversion." 11 U.S.C. § 348(f)(1)(A). Congress enacted this provision to settle a split in the courts on whether property acquired between the petition date and conversion date counts as property of the estate. *See* H.R. Rep. No. 103-834, 2nd Sess., at 42-43 (1994). Now "property acquired by a debtor after a chapter 13 petition is filed and before the case is converted to chapter 7 is not property of the chapter 7 estate, unless the case is converted in bad faith." Michael, 436 B.R. at 326. If the case is converted in bad faith, then "the property of the estate in the converted case shall consist of the property of the estate as of the date of conversion." 11 U.S.C. § 348(f)(2).

When the value of property of the estate depreciates between the petition date and the conversion date, the depreciated value at the conversion date should govern because the money lost to depreciation has left the estate and did not stay in the debtor's possession through the conversion date. *See* In re Schick, 452 B.R. 884, 885 (Bankr. W.D.N.Y. 2011); In re Lang, 437 B.R. 70, 72 (Bankr. W.D.N.Y. 2010). In Lang, the court denied the chapter 7 trustee's motion for turnover when he asked for the non-exempt petition-date value of the debtor's car rather than its postconversion depreciated value, and the court held that in such situations, only the depreciated value may be turned over because the excess of the original value and the conversion-date value had not stayed in the debtor's possession through the conversion date. *See* 437 B.R. at 72. In Schick, the court denied a motion to turn over the remainder of a tax refund where the debtor had spent the money from the tax refund (not in bad faith) between the petition date and the conversion date because the money was no longer property of the estate. *See* 452 B.R. at 885.

Here, Debtor's property should be valued as of the conversion date, not the petition date and the estate included only what was left at the time of conversion. Just like in Lang, here, some of the value of a vehicle (a 2005 Chrysler Town & Country) evaporated and was no longer in debtor's possession by the conversion date and, thus, should not be considered property of the estate. *See* 437 B.R. at 72; (Trustee Resp. 3, ECF No. 85.) The same logic applies to Debtor's tax refund and his other vehicle (a 1999 Chevrolet Suburban). Similar to the tax refund in Schick, Debtor had already spent his tax refund money and sold the Suburban by the conversion date and, thus, they were not property of the estate. *See* 452 B.R. at 885; (Debtor Reply Trustee Resp. 1, ECF No. 88; Trustee Resp. 3, ECF No. 85.) With no allegations or evidence of bad faith, Trustee is not entitled to liquidate the cars and tax refund at their petition-date values.

## **CONCLUSION**

Trustee's Motion for Turnover of $3,700.00 to pay general unsecured creditors is denied. An order will be entered immediately.

#   #   #

**Service List**

Christopher M. Gambone
2600 Brouse Street NW
Uniontown, OH 44685

Pauline R. Aydin Shuler
Pauline R. Aydin, Attorney at Law
2789 E State Street, Suite 10, # 315
Salem, OH 44460

Anne Piero Silagy, Esq., Trustee – Canton
1225 South Main Street, Suite 1
North Canton, OH 44720

Bruce R. Schrader, II
Roetzel & Andress
222 S Main Street, Suite 400
Akron, OH 44308